MAY 30, 1804.

# William Frazier *v.* William Steel.

*Upon an appeal from a decree of the Circuit Court of Fayette county.*

1. Where neither of two conflicting surveys is shown to have been made conformably to the entries, the one upon which the elder legal title is obtained must prevail.

2. The compromise of a dispute between parties concerning the interference of their surveys is a sufficient consideration to uphold an agreement by one of them to convey the disputed land to the other, and the chancellor will specifically enforce such an agreement.

Both the parties to this suit claim settlements and pre-emptions of the kind which were to be located on vacant lands : Frazier, who was defendant in the court below, obtained the first certificate from the commissioners, so that his claim in this respect is entitled to priority; and his locations might appear to be such as the law required, had he shown that his surveys were made in conformity thereto, which has not been done. Neither has the claim of Steel, who was the complainant in the court below, been managed as the law required. His certificate calls "to include two cabins, one built by William Stewart, and the other by John Gabriel Jones." But it is not proven that those cabins had any reasonable degree of notoriety when this location was made; nor does it contain a description from which they could with certainty have been found. Therefore, in a general point of view, Frazier's elder legal title ought to prevail. But Steel's principal reliance for success is on a writing which seems to import that Frazier relinquished to Steel his right and title to the four hundred acres of his pre-emption which was included in Steel's settlement. Frazier does not deny the authenticity of this writing, but by the way of avoidance states in his answer, that it was procured by a fraudulent misrepresentation made by Steel, and a promise which was not complied with. Steel, in his answer to interrogatories by Frazier, in the nature of a cross bill, denies both these charges, and neither of them are so proven by other testimony as to counterbalance Steel's answer. Frazier's counsel have, however, urged, that the writing not being

sealed, and the consideration on which it was given not being proven, it ought not to have any effect in the decision of this suit. But Frazier does not state in his answer, that the writing was given by him without consideration; and if he had, it may be clearly inferred from the writing itself, as well as from Steel's answer to the interrogatories, that to settle or compromise a dispute between them, concerning the interference of their settlements and pre-emptions, was the consideration which induced Frazier to sign this writing, which was certainly an adequate consideration, and an execution of the writing ought to be enforced by a court of chancery. It need only be mentioned that this opinion is variant from the decree of the court below.

Wherefore, it is decreed and ordered that the said decree of the circuit court of Fayette be reversed, and that the appellee do pay unto the appellant his costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the said circuit court, that it may enter up a decree in favor of the said Steel, for so much only of the said Frazier's pre-emption as is included in the settlement survey of the said Steel, and make such further orders and decrees therein as law and equity may require, which is ordered to be certified to the said court.